Jarrett R. Jenkins

334 Locust Street, Apt. 1

West Hempstead, NY 11552

631-306-3171

jrobertjenkins@gmail.com

Pro Se Plaintiff



FILED

JUN 29 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

Fee Paid

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C 26 06532 NC

| | |
|---|---|
| JARRETT R. JENKINS, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES FOR** |
| CREDIT SESAME, INC., | **VIOLATIONS OF THE FAIR CREDIT** |
| | **REPORTING ACT** |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

Comes now, the Plaintiff, Jarrett R. Jenkins, respectfully submits and alleges as follows:

## PARTIES

1. Plaintiff, Jarrett R. Jenkins is a natural person who resides at 334 Locust Street, Apt. 1, West Hempstead, NY 11552.

2. Defendant, Credit Sesame, Inc., is a Delaware corporation with its principal place of business at 800 W El Camino Real, Suite 180, Mountain View, CA 94040. Defendant may be served through its registered agent, CT Corporation System, located at 330 N Brand Blvd, Glendale, CA 91203.

3. Upon information and belief, Defendant operated on its own behalf at all times or as an agent, affiliate, partner, and/or under or through the employ of an unknown entity.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because this action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

5. This Court has jurisdiction under 15 U.S.C. § 1681p, which provides for jurisdiction in any appropriate United States district court.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Credit Sesame, Inc. has its principal place of business in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

7. **INTRADISTRICT ASSIGNMENT:** Pursuant to Civil Local Rule 3-2(e), this action is properly assigned to the San Jose Division of the Northern District of California because Defendant's principal place of business is located in Santa Clara County, California, which falls within the San Jose Division.

8. Upon information and belief Defendant accesses consumer credit reports from the national credit reporting agencies i.e. Equifax, Experian, Transunion and Innovis; as such is governed under the law by the FCRA.

## GENERAL ALLEGATIONS

9. On September 15, 2025, Plaintiff sent a formal "Cancellation & Withdrawal Notice" to Defendant via

USPS Certified Mail.

10. This notice explicitly stated that Plaintiff was cancelling all accounts and withdrawing consent for "any and all future inquiries, soft or hard, including but not limited to those for credit monitoring".

11. The revocation was absolute, stating Plaintiff withdrew consent for "any and all future inquiries, soft or hard, including but not limited to those for credit monitoring or prescreened offers".

12. On September 24, 2025, Defendant's Director of Operations, Tony Wahl, sent a formal email confirmation stating: "We can confirm that your free Credit Sesame membership has been cancelled per your request".

13. Per the confirmation from Mr. Wahl, there was no ambiguity: Defendant acknowledged the total cessation of services and the withdrawal of Plaintiff's "written instructions".

14. To ensure fairness and to account for any reasonable system update period, Plaintiff afforded Defendant a ten (10) business day grace period following receipt of the Account Cancellation Conformation Email from Mr. Wahl. This grace period ended on October 8, 2025.

15. Plaintiff obtained his Transunion (hereinafter "Transunion") consumer credit report on or about December 29, 2025.

16. Plaintiff found after examining his Transunion consumer credit report that the Defendant, Credit Sesame had obtained the Plaintiff's Transunion consumer credit report on December 23, 2025, which was: after receipt of Plaintiff's absolute revocation, after Defendant's Director of Operations confirmed cancellation, after cancellation of Plaintiff's account, and after expiration of the ten business day grace period.

17. Plaintiff never authorized Defendant to access his Transunion report at any time following the September revocation, nor did he initiate any transaction that would justify such access.

18. Discovery of the violation brought forth herein occurred on December 29, 2025, and is within the statute of limitations as defined in the FCRA, 15 U.S.C. 1681p.

## COUNT I

## 15 U.S.C. § 1681b - FAIR CREDIT REPORTING ACT VIOLATION

19. Paragraphs 1 through 18 are re-alleged as though fully set forth herein.

20. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. 1681a(c).

21. Transunion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. 1681a(f).

22. A Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. 1681a(d).

23. The FCRA, 15 U.S.C. 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

24. Such permissible purposes as defined by 15 U.S.C. 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bonafide offer of credit or insurance as a result of the inquiry.

25. At the time of the December 23, 2025, Transunion credit pull, there was no active relationship of any kind between Plaintiff and Defendant. Plaintiff had not used Credit Sesame's services since he had cancelled his account and had expressly revoked all consent on September 15, 2025. Plaintiff never initiated any transaction, request, or activity that would justify Defendant accessing his Transunion consumer report, and Defendant had no permissible purpose to obtain it.

26. On December 23, 2025, Defendant obtained the Transunion consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. 1681b.

27. At no time did Plaintiff give his consent for Credit Sesame to acquire his consumer credit report from Transunion. Plaintiff had revoked all prior consent on September 15, 2025, and Defendant confirmed that revocation on September 24, 2025.

28. Defendant, a sophisticated entity regularly engaged in the business of accessing consumer data, knew or was reckless in not knowing that it lacked any permissible purpose to obtain Plaintiff's Transunion consumer report. Defendant's act of obtaining the report after sending the Plaintiff the Account Cancellation Confirmation Email, after receipt of Plaintiff's revocation, and after expiration of the ten business day grace period constitutes a willful violation of the FCRA, 15 U.S.C. 1681b.

29. This unauthorized intrusion into Plaintiff's private financial information was an egregious violation of Plaintiff's statutory right to privacy and, as a direct and foreseeable result, caused Plaintiff to suffer concrete harms, including anger, embarrassment, humiliation, and anxiety regarding the security and dissemination of his personal data.

30. Defendant's conduct was willful as defined in Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007), which held that willful includes both knowing violations and those made in reckless disregard of statutory duties. Defendant's failure to confirm any permissible purpose before obtaining Plaintiff's Transunion consumer report was, at minimum, reckless disregard of its obligations under the FCRA.

31. Under Spokeo, Inc. v. Robins, 578 U.S. 330 (2016), intangible injuries such as the invasion of privacy and loss of control over personal information satisfy Article III's requirement of concreteness. Defendant's unauthorized access of Plaintiff's Transunion credit report constitutes precisely the kind of concrete injury Congress made actionable under the Fair Credit Reporting Act.

32. Consistent with TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), the unauthorized access of Plaintiff's Transunion credit report is itself a statutory invasion of privacy that constitutes a concrete injury in fact, regardless of whether the report was further disseminated.

33. The Defendant had the duty to properly ascertain if there was any legitimate permissible purpose before obtaining the Plaintiff's Transunion credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain the Plaintiff's Transunion credit report therefore, the Plaintiff is entitled to damages.

34. As a result of Credit Sesame's willful practice of violating The Fair Credit Reporting Act, Credit Sesame is liable under 15 U.S.C. 1681n for punitive damages in an amount sufficient to deter Credit Sesame from engaging in this kind of illegal practice in the future. In the alternative, the Defendant was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

35. The Plaintiff is entitled to recover actual damages and/or statutory damages, costs and attorney fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n and/or 1681o.

36. As a direct and proximate result of Defendant's willful and/or negligent actions, Plaintiff has suffered actual damages, including but not limited to:

a) Loss of time and productivity, including hours spent investigating the unauthorized access and researching remedies available under law;

b) Tangible out-of-pocket costs, including ink, paper, and a pro-rata portion of internet service, cloud-powered productivity platform and cloud storage fees used to conduct research, maintain case files and prepare court filings;

c) Loss of peace of mind and emotional distress, including anger, anxiety, humiliation, and frustration stemming from the invasion of privacy and from the fear of how the Defendant may have used or disclosed Plaintiff's personal information;

d) Continuing stress and disruption caused by the need to prosecute this lawsuit and defend against Defendant's improper conduct;

e) Electricity consumed in powering Plaintiff's laptop, printer, monitors and related equipment necessary to investigating and addressing Defendant's unauthorized pull, including gathering records, researching remedies and preparing complaints prior to filing this action; and

f) Other consequential harms reasonably and foreseeably flowing from Defendant's impermissible access, including the ongoing diversion of Plaintiff's personal time, energy, and household resources away from ordinary daily activities toward litigation-related tasks, and the cumulative toll of being forced to monitor, prepare and appear in court solely because of Defendant's unlawful conduct.

These actual damages are in addition to statutory damages to which Plaintiff is entitled to under The Fair Credit Reporting Act 15 U.S.C. 1681n and/or 1681o.

## JURY DEMAND

37. Plaintiff hereby demands a trial by jury on all issues so triable.

## REMEDY SOUGHT

**WHEREFORE**, Plaintiff, Jarrett R. Jenkins prays that the Court enter an order against the Defendant,

Credit Sesame, Inc., that:

1. Declares that the Defendant's conduct violated the FCRA;

2. Awards statutory damages of $1,000.00 as listed under the FCRA, pursuant to 15 U.S.C. 1681n(a)(1)(A) or in the alternative for negligent conduct pursuant to 15 U.S.C. 1681o;

3. If the Court allows, award punitive damages as provided under the FCRA, pursuant to 15 U.S.C. 1681n(a)(2);

4. Award any attorney's fees and costs, should they be necessary pursuant to 15 U.S.C. 1681n(a)(3);

5. Award Plaintiff actual damages, including emotional distress, as permitted under 15 U.S.C. 1681n(a)(1)(A) and 1681o(a)(1);

6. Other damages as allowed by the court.

Respectfully Submitted,

Dated: June 25, 2026

Jarrett R. Jenkins, Plaintiff
334 Locust Street, Apt. 1
West Hempstead, NY 11552
631-306-3171
jrobertjenkins@gmail.com